LEE, C.J.,
concurring in part and dissenting in part:
¶ 21. I must respectfully dissent as I find the chancellor was correct in modifying custody. I concur with the majority regarding the jurisdiction of the chancery court and denial of attorney’s fees.
¶22. In Riley v. Dorner, 677 So.2d 740, 745 (Miss.1996), the Mississippi Supreme Court held: “In weighing a request for modification of child custody, a chancellor’s ultimate concern must always be whether such change would be in the child’s best interest.” Although the requirement of a material change in circumstances is listed first in the test for a change of custody, the chancellor must consider the totality of the circumstances with the child’s best interest in mind. Id. I find the chancellor’s ultimate concern in this case was Ashley’s best interest.
¶ 23. Regarding whether a material change in circumstances occurred, I must defer to our standard of review and the chancellor’s discretion. The chancellor met privately with Ashley in chambers to discuss Ashley’s living arrangement. The chancellor considered that Ashley had been moved to Colorado from her home in Mississippi shortly after the divorce. This was one factor that created a material change of circumstances. She was uprooted from her established life and surroundings in DeSoto County. While in DeSoto County, Ashley was near her maternal and paternal grandparents, as well as aunts and uncles. The chancellor noted that while in her father’s care in Mississippi, Ashley was happy and well-adjusted; she was near extended family; she enjoyed living with her step-sister, who is close to Ashley’s age; she had been re-baptized and joined her father’s church; and she was involved in extra-curricular activities. Ashley was fourteen years old at the time of the hearing; thus, she was old enough to state her preference. The chancellor found Ashley was “very adamant” in her desire to move back to Mississippi. The chancellor noted Ashley had thought about her decision for a long time, and it was not a “knee-jerk reaction.” It was clear to the chancellor Ashley was happier and more involved in family and school activities while living in Mississippi.
¶ 24. As for Ashley’s living situation in Colorado, the chancellor considered that Ashley felt uncomfortable around her stepfather, Ashley’s mother had recently had another child, and the family did not do as many activities together as a whole as Ashley’s family in Mississippi. The chancellor also took into account the timing of the decision to change custody, which was July 26, 2010, since Ashley was about to start a new school year. I find the chancellor’s first consideration was Ashley’s best interest, and it was not an abuse of discretion for the chancellor to modify custody. Thus, I would affirm the chancellor’s decision and find this issue without merit.
CARLTON, J., JOINS THIS OPINION.